# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR217-38 |
| | ) | |
| v. | ) | |
| | ) | |
| **RAFEAL LATEEF BAKER** | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on August 2, 2017, a federal grand jury sitting in the Southern District of Georgia returned a one-count Indictment against Defendant Rafeal Lateef Baker and two others charging a violation of 21 U.S.C. § 846 (Count 1 – Conspiracy to Possess with Intent to Distribute Cocaine);

WHEREAS, on September 6, 2017, a federal grand jury sitting in the Southern District of Georgia returned a two-count Superseding Indictment against Defendant and two others charging violations of 21 U.S.C. § 846 (Count 1 – Conspiracy to Possess with Intent to Distribute Cocaine), and 21 U.S.C. § 841(a)(1) (Count Two – Possession with Intent to Distribute Controlled Substances);

WHEREAS, the Superseding Indictment sought forfeiture pursuant 21 U.S.C. § 853 of any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of any of the offenses charged in the Superseding Indictment and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of such offenses;

WHEREAS, the Superseding Indictment further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p), of any other property of the Defendant up to the value of the property subject to forfeiture;

WHEREAS, on December 14, 2017, pursuant to a written plea agreement, Defendant pled guilty to the lesser included offense in Count One of the Superseding Indictment charging a violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Cocaine;

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense to which he has pled guilty, and any property used or intended to be used in any manner or part, to commit or to facilitate the commission of such offense, specifically:

1. $5,000 in U.S. Currency, and

2. $892 in U.S. Currency

(collectively, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite

nexus between the above-described Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

*(continued on the following page)*

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Brian T. Rafferty, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: 12/14/17

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

Brian T. Rafferty
Assistant United States Attorney
New York Bar Number 2809440
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

Date: 12/14/17

Rafeal Lateef Baker
Defendant

Amy Lee Copeland, Esq.
Attorney for Defendant

Date: 12/14/17